Phuoc Tran
*Plaintiff in Pro Per*
5402 Night Swim Lane
Las Vegas, NV 89113
Ph.: 1.702.326.7828
Email: jtransvegas@gmail.com

```
_____
|  ___ FILED        ___ .........  |
|  ___ ENTERED      ___ SERVED ON  |
|       COUNSEL/PARTIES OF RECORD  |
|     _____     |
|    |                        |    |
|    |     JUN - 2 2023        |    |
|    |_____|    |
|     CLERK US DISTRICT COURT      |
|       DISTRICT OF NEVADA         |
| BY: _____ DEPUTY     |
|_____|
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PHUOC TRAN,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, CLARK COUNTY DISTRICT ATTORNEY'S OFFICE, and all UNKNOWN AGENTS OF THE STATE, in their individual capacities,<br><br>              Defendants. | Case No.:   **2:23-cv-00867-APG-DJA**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff PHUOC TRAN (hereinafter referred to as "Plaintiff"), hereby sues Defendants STATE OF NEVADA (hereinafter referred to as "State"); CLARK COUNTY DISTRICT ATTORNEY'S OFFICE (hereinafter referred to as "DAO"); and all UNKNOWN AGENTS OF THE STATE (collectively referred to as "Defendants"), and in support thereof states and affirmatively alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction as the claims herein arise under the Constitution and Federal Law, as promulgated under 28 U.S.C. §1331.

1

2. This Court has personal jurisdiction over the parties as Plaintiff is a resident of the State of Nevada and Defendants are both governmental entities operating within the State of Nevada and operate under the powers, duties, and laws of the State of Nevada.

3. Venue is proper as the actions complained of herein occurred in the State of Nevada.

**PARTIES TO THE ACTION**

4. Plaintiff is *sui* juris before this Court, and an adult resident of Las Vegas, Nevada.

5. Defendant State is a governmental municipality operated within the confines of the United States and Nevada State Constitution.

6. Defendant DAO is a governmental entity, charged with investigating and prosecuting crimes of various degrees in Clark County, Nevada.

7. Defendant UNKNOWN AGENTS OF THE STATE, in their individual capacities are the unknown individuals working on behalf of the state who participated in, partook in the actions complained herein, and are state actors operating under the color of law to violate Plaintiff's Constitutional Rights.

8. Plaintiff will amend this Complaint upon identification of the true names and identities of the Unknown Agents of the State.

**GENERAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

9. This is an action brought by Plaintiff for redress for the underlying violations of his Constitutional rights as promulgated, in part, under 42 U.S.C. §1983.

10. On or about April 1, 1997, Plaintiff was sentenced in federal court, under Case No. 2:97-mj-11111 to 16 months imprisonment on the charges of Interstate Transportation of

2

Counterfeit Securities and Aiding and Abetting, under 18 U.S.C. §2314. Said sentence was supposed to be in conformance with the Sentencing Reform Act of 1984.

11. On May 6, 1997, Plaintiff was charged with Burglary and Forgery under Case No. 97C142758-1. Said case resulted in a sentence, on December 15, 1997, which the Court specifically ordered to be served "concurrently with the federal sentence."

12. On September 4, 1997, Plaintiff was adjudged Guilty by Plea Agreement to Burglary and Forgery Charges in Clark County District Court. See Case No. C143456.

13. Plaintiff was sentenced to 16-120 months on Count I (Burglary) and 12-34 months on Count II (Forgery).

14. The September 8, 1997 Order of the Court indicates that the above-referenced sentence was to run "concurrently" with the sentence imposed in Case Number C136153.

15. In Case Number C136153, Plaintiff pled guilty to forgery and was sentenced to 12-30 months imprisonment.

16. The sentences were not run concurrently as required under the Court's orders.

17. Plaintiff was falsely imprisoned for a longer period of time than what was ordered by the Courts.

18. Defendants knew, or should have known, that the sentences were to run concurrently.

19. Defendants purposely kept Plaintiff incarcerated for a longer period of time than what was ordered, causing Plaintiff great mental anguish, grief, and emotional distress.

3

20. At all times material to this action, Defendants were operating as state actors under the color of law.

21. As a result of Defendants' wrongful conduct, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION: VIOLATIONS OF CIVIL RIGHTS, 42 U.S.C. §1983 (FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION)

22. Plaintiff repeats and incorporates the preceding paragraphs above with the same force and effect as if set forth at length herein.

23. 42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

24. To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

25. "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of

4

constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.2011) (citing *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

26. "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove `(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900 (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)).

27. Failure to train may amount to a policy of "deliberate indifference," if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir.1989).

28. Defendants have a history of deliberate indifference to the protection of individual rights.

29. Defendants knew, or should have known, that the sentences should have run based on the federal sentence and not in addition to the state imposed sentence.

30. Defendants knew, or should have known, that the sentences rendered were grossly unjust in light of the state imposed sanctions.

5

31. Plaintiff was deprived of his freedom for a much longer term than what was required under sentencing guidelines and manifestly fair procedures.

32. Plaintiff was wrongfully detained for an extended period of time.

33. Upon information and belief, Defendants have a history and practice of unjust treatment in the sentencing of criminal defendants.

34. As a direct result of Defendants' wrongful practices and patterns, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION:

### VIOLATION OF CONSTITUTIONAL RIGHTS
### (False Extended Imprisonment)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Plaintiff was wrongly imprisoned for an extended period of time beyond what the sentencing guidelines dictate, and what the District Court ordered in terms of Plaintiff's sentence being run "concurrently" with the federal sentence.

37. Under Nevada law, an individual is liable for the tort of false imprisonment "if (a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it." *Hernandez v. City of Reno*, 97 Nev. 429, 433, 634 P.2d 668, 671 (Nev.1981) (quoting Restatement (Second) of Torts § 35 (1965)).

6

38. Defendants and/or their agents wrongfully imprisoned Plaintiff for an extended period of time, beyond the federal sentence.

39. Defendants and/or their agents knew, or should have known, that the extended incarceration would harm Plaintiff. Defendants and/or their agents maintained the extended incarceration anyway.

40. Plaintiff was wrongfully confined for a time period beyond the concurrent sentence imposed by the District Court for Clark County.

41. As a result of Defendants' wrongful conduct, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE** and for the reasons herein, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment:

• Declaring that Defendants purposely and knowingly violated Plaintiff's Constitutional Rights;

• Declaring that Defendants violated 42 U.S.C. §1983;

• Monetary relief in an amount for damages as determined at trial of no less than $75,000.00; and

• Such other and further relief at law and/or in equity to which Plaintiff may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

7

Dated: ~~January~~ 6 _____ 2, 2023.

Respectfully submitted,

Phuoc Tran
*Plaintiff in Pro Per*
5402 Night Swim Lane
Las Vegas, NV 89113
Ph.: 1.702.326.7828
Email: jtransvegas@gmail.com

## VERIFICATION

I, Phuoc Tran, am the Plaintiff in the above-entitled matter and have personal knowledge to testify to the matters stated therein. I have read the facts and allegations and declare under penalty of perjury in and for the State of Nevada that the above is true and correct to the best of our knowledge.

Phuoc Tran
*Plaintiff in Pro Per*
5402 Night Swim Lane
Las Vegas, NV 89113
Ph.: 1.702.326.7828
Email: jtransvegas@gmail.com

On the _____ day of _____, Phuoc Tran, known to me appeared before me and executed the above document.

_____
NOTARY PUBLIC

8

My Commission expires on _____.